**EXHIBIT D**

**Attention purchasers of Poppi sodas**
**Between January 23, 2020 and [Settlement Notice Date]**

**This notice may affect your rights. Please read it carefully.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*

- The notice concerns the following cases: *In re VNGR Beverage, LLC Litigation*, No. 4:24-cv-03229-HSG filed in the United States District Court for the Northern District of California; *Cobbs v. VNGR Beverage, LLC*, No. 4:24-cv-03229 filed in the United States District Court for the Northern District of California; *Lesh, et al. v. VNGR Beverage, LLC,* No. 3:24-cv-03612 filed in the United States District Court for the Northern District of California; and *Wheeler v. VNGR Beverage LLC*, No. 4:24-cv-04396 filed in the United States District Court for the Northern District of California.

- This class action Settlement will completely resolve this lawsuit against VNGR Beverage, LLC d/b/a Poppi ("Defendant"), on behalf of all individuals in the United States who purchased any flavor or package size of Poppi beverages (the "Products") for household use and not for resale or distribution between January 23, 2020, and [Settlement Notice Date]. The Settlement affects all persons in that category (the "Class Members").

- To settle the case, Defendant has agreed to pay $8,900,000 into a Settlement Fund.

- Each member of the Class who submits an Approved Claim will receive a Class Payment up to as follows: seventy-five cents ($0.75) per Single Can Unit of the Product purchased; three dollars ($3.00) per 4-pack Unit of the Product purchased; six dollars ($6.00) per 8-pack Unit of the Product purchased; and nine dollars ($9.00) per 12-pack or 15-pack Unit of the Product purchased. A Class Member who does not provide valid Proof of Purchase shall recover a maximum of sixteen dollars ($16.00). The Minimum Class Payment for any Approved Claim shall be five dollars ($5.00) per Household.  A "Household" means any number of persons occupying the same dwelling unit.  If multiple Claims are submitted from the same Household, those Claims shall be treated as a single Claim, including for purposes of determining the maximum Class Payment without Proof of Purchase.  However, the Class Payment amount may be reduced or increased pro rata depending on the number of Approved Claims and the cost of other expenses paid out of the Settlement Fund. Any leftover funds after payment of Administrative and Notice Costs, Attorneys' Fees and Expenses, payments to the Class Representatives, and payment of Approved Claims will go to a charitable organization.

- The lawyers who brought the lawsuit will ask the Court to set aside some of the Settlement Fund for reimbursement of their out-of-pocket expenses of up to $30,000 and no more than 30% of the Settlement Fund in attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement. They will additionally ask for up to $15,000 in total for the three named Plaintiffs who brought this lawsuit. These payments are called "Service Awards." If the Court approves, these amounts would be paid to Plaintiffs and the lawyers out of the Settlement Fund.

- The parties will also ask the Court to set aside an initial amount of the Settlement Fund to pay the Claim Administrator, Verita Global LLC, for its services and costs for administering the Settlement (e.g., disseminating notice of the Settlement, processing Claims, and distributing Class Payments).

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

Questions? Visit www.poppisettlement.com or call [telephone number].

1

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the settlement agreement available at www.poppisettlement.com. Alternatively, you can contact the Settlement Administrator at: [ADDRESS], or Class Counsel:

Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
poppi@gutridesafier.com

Bursor & Fisher, P.A.
1990 N. California Blvd., 9th Floor
Walnut Creek, CA 94596
info@bursor.com

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **Submit a Claim Form** | The only way to receive a Class Payment under the Settlement for your purchases. | [sixty (60) calendar days after the Settlement Notice Date] |
| **Opt-Out** | Exclude yourself from the lawsuit and the Settlement. This is the only option that allows you to ever bring or join another lawsuit raising the same legal claims against Defendant. You will receive no payment from this Settlement. (If you wish to exclude yourself from the Settlement, you must submit a completed Opt-Out by postal mail to the Settlement Administrator by the Objection and Exclusion Deadline.) | [sixty (60) calendar days after the Settlement Notice Date] |
| **File Objection** | Write to the Court about any aspect of the Settlement you do not like or you do not think is fair, adequate, or reasonable. (If you object to any aspect of the Settlement, you must file a written Objection with the Court by the Objection and Exclusion Deadline.) | [sixty (60) calendar days after the Settlement Notice Date] |
| **Go to a Hearing** | Speak in Court about the Settlement. (Only if you submit a written Objection by the deadline noted above.) | [ ] at [ ]pm |
| **Do Nothing** | You will not receive any Class Payment; also, you will have no right to sue later for the claims released by the Settlement. | |

- These rights and options—and the deadlines to exercise them—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Class Payments will be sent to Class Members only if the Court approves the Settlement. If there are appeals, Class Payments will not be made until the appeals are resolved and the Settlement

Questions? Visit www.poppisettlement.com or call [telephone number].

2

becomes effective. Please be patient and continue to check the Website for updates.

- **Fairness Hearing**: On [ ], at [ ] p.m., the Court will hold hearings to determine (1) whether the proposed Settlement is fair, reasonable, and adequate and should receive final approval; (2) whether to grant the applications for Attorneys' Fees and Costs brought by the Class Counsel; and (3) whether to grant the application for Service Awards to the Plaintiffs who brought the lawsuit. The hearing will be held in the United States District Court of the Northern District of California, before the Honorable Judge Haywood S. Gilliam, Jr. in the Oakland Courthouse, Courtroom 2 – 4th Floor, located at 1301 Clay Street, Oakland, CA 94612. This hearing date may change without further notice to you. Consult the settlement website at www.poppisettlement.com, or the Court docket in this case available through Public Access to Court Electronic Records ("PACER") (http://www.pacer.gov), for updated information on the hearing date and time.

**Important Dates**

| [ ] | Claims Deadline |
| [ ] | Objection Deadline |
| [ ] | Opt-Out Deadline |
| [ ] at [ ] p.m. | Fairness Hearing |

**Table of Contents**

1. How Do I Know If I Am Affected By The Settlement? ................................................................. 1
2. What Is The Lawsuit About? ......................................................................................................... 1
3. Why Is This Case Being Settled? ................................................................................................... 1
4. What Can I Get In The Settlement? ............................................................................................... 2
5. How Do I Make A Claim? .............................................................................................................. 2
6. When Do I Get My Class Payment? .............................................................................................. 3
7. What Do Plaintiffs And Their Lawyers Get? ................................................................................. 3
8. What Happens If I Do Not Opt-Out From The Settlement? ........................................................... 3
9. How Do I Opt-Out From The Settlement? ..................................................................................... 5
10. How Do I Object To The Settlement? ............................................................................................ 5
11. When Will The Court Decide If The Settlement Is Approved? ..................................................... 6
12. How Do I Get More Information? ................................................................................................. 6

Questions? Visit www.poppisettlement.com or call [telephone number].

1.   **How Do I Know If I Am Affected By The Settlement?**

This case involves all Poppi beverages, including all flavors and package sizes (the "Products") purchased for household use and not for resale or distribution in the United States between January 23, 2020, and [Settlement Notice Date].

For purposes of Settlement only, the Court has conditionally certified the following Settlement Class: "All persons in the United States who, between January 23, 2020 and the Settlement Notice Date, purchased in the United States, for household use and not for resale or distribution, one or more of the Products." Excluded from the Class are: (1) the Honorable Judge Haywood S. Gilliam, Jr., the Honorable Maxine M. Chesney, Magistrate Judge Sallie Kim, the Honorable Jay C. Gandhi (Ret.), and any member of their immediate families; (2) any government entity; (3) Poppi; and (4) any persons who timely opt-out of the Settlement.

If the Settlement does not become effective (for example, because it is not finally approved, or the approval is reversed on appeal), then this lawsuit will continue.

2.   **What Is The Lawsuit About?**

Plaintiffs brought this lawsuit alleging Defendant improperly marketed and labeled the Products with "gut healthy" representations. Plaintiffs allege that, as a result, consumers purchased Products that they would not have otherwise purchased and/or paid more for the Products as a result of the "gut healthy" claims.

Defendant denies there is any factual or legal basis for Plaintiffs' allegations. Defendant contends that its Product labeling is truthful and accurate, denies making any misrepresentations and, therefore, denies any liability. Defendant also denies that Plaintiffs or any other members of the Class have suffered any injury or are entitled to monetary or other relief.

The Court has not determined who is correct.

3.   **Why Is This Case Being Settled?**

This lawsuit was originally filed on May 29, 2024, in the Northern District of California. Defendant filed a motion to dismiss Plaintiffs' claims on September 23, 2024. The Plaintiffs opposed. The Court has not decided the motion to dismiss.

Counsel for both Plaintiffs and Defendant have determined, as with any lawsuit, that there is risk in continuing the litigation. Among the risks of continued litigation for Plaintiffs are the risks of failing to prove liability or restitution and damages on a class-wide or individual basis. In particular, there may be difficulties establishing: (1) that Defendant's statements on the Product labels (and other advertising and marketing materials), as challenged by Plaintiffs, were likely to deceive reasonable persons; (2) that the alleged misrepresentations and omissions were material to reasonable persons; and (3) that damages or restitution should be awarded or, if so, that the amount of the award would be more than nominal.

On December 4, 2024, the Parties participated in an all-day mediation conducted by Honorable Jay Gandhi (Ret.), at JAMS. After considering the risks and costs of further litigation, the Parties have concluded that it is desirable to settle Plaintiffs' claims on the terms of the Settlement Agreement.

Plaintiffs and their counsel believe that the terms and conditions of the Settlement are fair, reasonable, adequate, and equitable, and that the Settlement is in the best interest of the Class Members. The Settlement creates a Settlement Fund of $8,900,000 and allows Class Members to file a Claim to obtain a Class Payment up to as follows: seventy-five cents ($0.75) per Single Can Unit of the Product purchased; three dollars ($3.00) per 4-pack Unit of the Product purchased; six dollars ($6.00) per 8-pack Unit of the Product purchased; and nine dollars ($9.00) per 12-pack or 15-pack Unit of the Product purchased. This exceeds the damages that might be recovered at trial on a per-Unit basis. Furthermore, even if Plaintiffs succeeded at trial, it would be necessary for Class Members to make claims, because Defendant does not have records identifying the Class Members.

4. **What Can I Get In The Settlement?**

Class Members may file Claims to obtain a Class Payment for Products purchased between January 23, 2020, and [Settlement Notice Date], regardless of the price the Class Member paid. All Approved Claims will be paid according to the following procedures:

(a) Settlement Class Members who submit an Approved Claim shall receive up to the following: seventy-five cents ($0.75) per Single Can Unit of the Product purchased; three dollars ($3.00) per 4-pack Unit of the Product purchased; six dollars ($6.00) per 8-pack Unit of the Product purchased; and nine dollars ($9.00) per 12-pack or 15-pack Unit of the Product purchased, subject to the restrictions set forth below, though the Class Payment may be reduced or increased depending upon the number of Approved Claims and the amount of the Settlement Fund devoted to other costs, such as Administrative and Notice Costs, Attorneys' Fees and Costs, and Service Awards to the Class Representatives. "Single Can Unit" means a single quantity of a 12-ounce or 16-ounce can of the Products as sold at retail; "4-pack Unit" means a single quantity of a 4-pack of the Products as sold at retail; "8-pack Unit" means a single quantity of an 8-pack of the Products as sold at retail; "12-pack Unit" means a single quantity of a 12-pack of the Products as sold at retail; and "15-pack Unit" means a single quantity of a 15-pack of the Products as sold at retail.

(b) A Class Member who does not provide valid Proof of Purchase may recover a maximum Class Payment of sixteen dollars ($16.00), per Household. A "Household" means any number of persons occupying the same dwelling unit.

(c) All Claims submitted from the same Household shall be treated as a single Claim including for purposes of determining the maximum Class Payment without Proof of Purchase.

"Proof of Purchase" means a receipt or other documentation from a third-party commercial source (*i.e.*, a store or online retailer) that reasonably establishes the fact and date of purchase of Products by a Class Member between January 23, 2020 and the Settlement Notice Date.

Claims will be paid as a Class Payment only if the claim is deemed valid and only after the Court approves the Settlement.

5. **How Do I Make A Claim?**

To make a Claim, you must fill out the Claim Form available on this Website,

Questions? Visit www.poppisettlement.com or call [telephone number].

2

www.poppisettlement.com. You can submit the Claim Form online, or you can print it and mail it to the Settlement Administrator at: [ADDRESS]. If submitted online, Claim Forms must be submitted no later than [sixty (60) calendar days after the Settlement Notice Date]. If mailed, claim forms must be postmarked no later than [sixty (60) calendar days after the Settlement Notice Date]. Class Payments for Approved Claims will be issued only if the Court gives final approval to the proposed Settlement and after the final approval is no longer subject to appeal. Please be patient as this may take months or even years in the event of an appeal.

6. **When Do I Get My Class Payment?**

Filing a Claim does not provide a guaranteed Class Payment to you. A Final Approval Hearing will be held on [DATE] at [TIME]. If the Court approves the Settlement and there are no appeals, then Class Payments on Approved Claims will be distributed within 90 days after the Settlement is no longer subject to appeal or review, unless otherwise ordered by the Court. If the Court does not approve the Settlement, or if the Settlement is overturned on appeal, no Class Payments will be issued.

7. **What Do Plaintiffs And Their Lawyers Get?**

To date, Plaintiffs' lawyers have not been compensated for any of their work on this case. Plaintiffs' lawyers will present evidence to the Court that they have spent nearly [XX] hours litigating this case. In addition, Plaintiffs' lawyers will present evidence that they have paid out-of-pocket expenses (including filing fees, service costs, and copying costs) of more than $[ ]. None of these expenses has yet been reimbursed. As part of the Settlement, Plaintiffs' lawyers may apply to the Court to award them up to 30% of the Settlement Fund to pay their attorneys' fees and approximately $[ ] in out-of-pocket expenses. Defendant has reserved the right to object to an award of fees, at its discretion.

In addition, each of the named Plaintiffs in this case may apply to the Court for a Service Award of $5,000 each, for a combined total of not more than $15,000. These payments are designed to compensate the Plaintiffs for the time, effort, and risks they undertook in pursuing this litigation and for executing a broader release of claims than other Class Members.

Plaintiffs and their lawyers will file a motion with the Court in support of their applications for Attorneys' Fees and Costs and payment of Service Awards to the Plaintiffs. A copy of that motion will be available on the Website. The Court will determine what amounts of fees, costs, expenses, and Service Awards to award.

The award of Attorneys' Fees and Costs will be paid to Plaintiffs' lawyers within 30 days after the Effective Date of the Settlement.

8. **What Happens If I Do Not Opt-Out From The Settlement?**

If you are a Class Member and you do not Opt-Out from the Settlement, you will be legally bound by all orders and judgments of the Court, and you will also be legally bound to release the Released Claims as provided in the Settlement, even if you do not file an Approved Claim or receive a Class Payment. This means that in exchange for being a Class Member and being eligible for the Class Payment, you will not be able to sue, continue to sue, or be part of any other lawsuit against VNGR Beverage, LLC d/b/a Poppi

Questions? Visit www.poppisettlement.com or call [telephone number].

(Margin comment: Deleted: 20)

and/or any of the Released Persons that involves the marketing, labeling, or formulation of the Products from January 23, 2020 to the present.

**You will not be responsible for any out-of-pocket costs or attorneys' fees concerning this case if you stay in the Class.**

Staying in the Class means that you agree to the following terms of the Settlement that describe exactly the legal claims that you give up:

(a) As of the Effective Date, Class Members release and forever discharge and covenant not to sue, and are permanently enjoined from suing the Released Persons, including Poppi and each of its past, or present or future direct or indirect parents, subsidiaries, divisions, affiliates and related entities, stockholders, shareholders, officers, directors, partners, insurers, investors, employees, agents, attorneys, advisors, consultants, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, related companies, divisions, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers, and assigns of each of the foregoing) from the Released Claims. "Released Claims" means any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, liabilities, or penalties, whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, legal, equitable, or otherwise, that were or could have been asserted in the Consolidated Action or that arise out of or relate to the labeling, advertising, or formulation of the Products between January 23, 2020 and the Settlement Notice Date. The Released Claims shall not release any Class Member's rights to enforce this Agreement. The Released Claims shall not release any Class Member's personal injury claims.

(b) With respect to the Released Claims, the Class Member expressly waives and relinquishes, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, or any other similar provision under federal or state law. The Class Member understands that California Civil Code § 1542 states:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

(c) The Class Member expressly waives and relinquishes any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, the Class Member hereby acknowledges that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Persons. In furtherance of such intention, the release herein given by the Class

      Member to the Released Persons shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each Releasing Person and Released Person expressly acknowledges that he/she/it has been advised by his/her/its attorney of the contents and effect of Section 1542, and with knowledge, each of the Releasing Persons and Released Persons hereby expressly waives whatever benefits he/she/it may have had pursuant to such section. Plaintiffs and Class Members shall be deemed by operation of the Final Approval Order and Final Judgment to have acknowledged that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

(d) The Class Members shall be deemed to have agreed that the release set forth herein will be and may be raised as a complete defense to and will preclude any action or proceeding based on the Released Claims.

9. **How Do I Opt-Out From The Settlement?**

You can Opt-Out if you wish to retain the right to sue Defendant separately for the Released Claims. If you Opt-Out, you cannot file a Claim, receive a Class Payment from the Settlement Fund, or file an Objection to the Settlement. You need **not** exclude yourself if you merely want to retain a right to sue for personal injury arising out of your use of the Products.

To Opt-Out, you must mail an Opt-Out request to the Settlement Administrator at [ADDRESS]. The Opt-Out request must be signed by you, clearly identify the case name and number, *In re VNGR Beverage, LLC Litigation*, No. 4:24-cv-03229-HSG, contain your full name, address, phone number(s), email address, and the following statement: "I/We request to Opt-Out from the settlement in the Poppi Class Action." The Opt-Out request must be postmarked by the Objection and Exclusion Deadline set forth above, which is [sixty (60) calendar days after the Settlement Notice Date].

10. **How Do I Object To The Settlement?**

You can ask the Court to deny approval of the Settlement by timely filing an Objection with the Court. You cannot ask the Court to order a larger Settlement; the Court can only approve or disallow the Settlement. If the Court denies approval to the entire Settlement, no Class Payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you must object.

If you file an Objection by [sixty (60) calendar days after the Settlement Notice Date], you may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

To file an Objection, you must submit that Objection in writing to the Clerk for the Northern District of California, by the Objection and Exclusion Deadline set forth above. Any Objection must: (1) clearly identify the case name and number, *In re VNGR Beverage, LLC Litigation*, No. 4:24-cv-03229-HSG; (2) include your full name, address, telephone number, and email address; (3) include the full name, address, telephone number, and email address of the all lawyers (if any) who (a) are representing you in making the objection, (b) may be entitled to compensation in connection with your objection, and/or (c) will appear on your behalf at the Final Approval Hearing; (4) include documents or testimony sufficient to establish that you are a member of the Class; (5) provide a detailed statement of your objection(s),

including the grounds and legal support for those objection(s); (6) provide a statement as to whether you are requesting the opportunity to appear and be heard at the Final Approval Hearing; and (7) add your signature as objector, in addition to the signature of your attorney, if an attorney is representing you with the objection. Failure to include this information and documentation may be grounds for overruling and rejecting your objection.

All the information listed above must be filed as a written objection, either electronically via the Northern District of California's electronic filing system no later than 11:59 p.m. PT on [sixty (60) calendar days after the Settlement Notice Date] or via mail to the Clerk of the Northern District of California, postmarked by mail, express mail, or personal delivery on or before the Objection and Exclusion Deadline, which is [sixty (60) calendar days after the Settlement Notice Date]. By filing an objection, you consent to the jurisdiction of the Court, including to any order of the Court to produce documents or provide testimony prior to the Final Approval Hearing.

If you file an Objection to the Settlement but still want to submit a Claim in the event the Court approves the Settlement, you must still timely submit a Claim Form according to the instructions described above.

11. **When Will The Court Decide If The Settlement Is Approved?**

The Court will hold a hearing on [ ] at [ ] p.m., to consider whether to approve the Settlement. The hearing will be held in the United States District Court of the Northern District of California, before the Honorable Judge Haywood S. Gilliam, Jr. in the Oakland Courthouse, Courtroom 2 – 4th Floor, located at 1301 Clay Street, Oakland, CA 94612, or such other judge assigned by the Court.

The hearing is open to the public. This hearing date may change without further notice to you. For updated information on the hearing date and time, consult the Website at www.poppisettlement.com or the Court docket in this case available for a fee through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, Suite 400S, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

12. **How Do I Get More Information?**

You can inspect many of the court documents connected with this case on the Website. Other papers filed in this lawsuit are available by accessing the Court docket in this case available for a fee through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, Suite 400S, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

You can contact the Settlement Administrator at [ADDRESS], or by telephone at [number].

You can also obtain additional information by contacting Class Counsel:

Questions? Visit www.poppisettlement.com or call [telephone number].

| | |
|---|---|
| Marie A. McCrary, Esq. | L. Timothy Fisher |
| GUTRIDE SAFIER LLP | BURSOR & FISHER, P.A. |
| 100 Pine Street, Suite 1250 | 1990 North California Blvd. 9th Floor |
| San Francisco, CA 94111 | Walnut Creek, CA 94596 |
| Tel:  (415) 639-9090 | Tel: (925) 300-4455 |
| poppi@gutridesafier.com | info@bursor.com |
| www.gutridesafier.com | www.bursor.com |