**EXHIBIT E**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re VNGR BEVERAGE, LLC LITIGATION** | Case No.: 4:24-cv-03229-HSG<br><br>**[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; PROVISIONALLY CERTIFYING THE CLASS; AND DIRECTING DISSEMINATION OF CLASS NOTICE**<br><br>Date: May 8, 2025<br>Time:  2:00 p.m.<br>Courtroom:  2 – 4th Floor<br>Judge:  Hon. Haywood S. Gilliam, Jr. |

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL
CASE NO. 4:24-CV-03229-HSG

**RECITALS**

Plaintiffs Kristin Cobbs, Sarah Coleman, and Megan Wheeler (collectively "Plaintiffs" or "Class Representatives") have moved the Court for preliminary approval of a proposed class action settlement with Defendant VNGR Beverage, LLC d/b/a Poppi ("Defendant" or "Poppi"), the terms and conditions of which are set forth in the settlement agreement filed with the Court on March 14, 2025 ("Agreement"). The capitalized terms used in this Order shall have the same meaning as defined in the Agreement except as otherwise expressly provided.

**A. Procedural History**

This case concerns the marketing and labeling of Defendant's Poppi brand beverage products (all flavors and package sizes) ("Products") from January 23, 2020, to the date of this order. Plaintiffs allege that the Products are improperly labeled as "gut healthy" and that this claim misleads consumers about the health benefits of the Products. Plaintiffs allege that, as a result, people purchased the Products who would not otherwise have done so. Plaintiffs also allege that the Products were sold at a higher price than they would have been sold without the "gut healthy" claims. Plaintiffs alleged claims for violations of California's False Advertising Law, Business and Professions Code § 17500, *et seq.* ("FAL"); Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* (the "CLRA"); Common Law Fraud, Deceit and/or Misrepresentation; Unlawful, unfair, and fraudulent trade practices violation of Business and Professions Code § 17200, *et seq.* ("UCL"); Unjust Enrichment; and Breach of Express Warranty. They sought to pursue these claims on behalf of themselves and a class of purchasers of the Products and sought money damages and an injunction.

Defendant denies Plaintiffs' allegations. It contends that the "gut healthy" claims on the Product labeling are expressly true. In addition, Defendant contends that the claim has always been lawful and not misleading. Defendant also disputes that the "gut healthy" claims induced consumers to purchase the Products. Defendant also represents that in late 2023, it elected to revise the Products' label to remove any and all reference to gut health. Defendant therefore denies any liability and denies that Plaintiffs or any class members have suffered injury as a result of the Products' labeling. Defendant further denies that this case meets the requirements for class certification under Fed. R. Civ. P. 23, except for purposes of settlement.

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL 1
CASE NO. 4:24-CV-03229-HSG

1  The history of this litigation is summarized in Part I of the Agreement. In brief, on May 29, 2024, Plaintiff Kristin Cobbs filed a putative class action against Poppi, captioned *Cobbs v. VNGR Beverage, LLC*, No. 4:24-cv-03229-HSG (the "*Cobbs* Action") in the Northern District of California. On June 14, 2024, a substantially similar putative class action, involving the same questions of law and fact, was filed in the Northern District of California, captioned *Lesh, et al. v. VNGR Beverage, LLC*, No. 4:24-cv-03612 (the "*Lesh* Action"). On June 25 and 27, 2024, the Court entered orders relating and then consolidating the *Lesh* Action to the *Cobbs* Action, recaptioned as *In re VNGR Beverage LLC, Litigation* (the "Consolidated Action"). On July 19, 2024, a third substantially similar putative class action, involving the same questions of law and fact as in the Consolidated Action, was filed in the Northern District of California, captioned *Wheeler v. VNGR Beverage LLC*, No. 4:24-cv-04396 (the "*Wheeler* Action"). On August 20, 2024, Plaintiffs in the *Cobbs*, *Lesh*, and *Wheeler* Actions filed a Second Consolidated Amended Complaint in the Consolidated Action. On September 23, 2024, Defendant filed a Motion to Dismiss the Second Consolidated Amended Complaint. That same day, a substantially similar putative class action, involving the same questions of law and fact as in the Consolidated Action, was filed in the Northern District of California, captioned *Jackson v. VNGR Beverage LLC,* No. 3:24-cv-06666 (the "Jackson Action"). The *Jackson* Action was related to the Consolidated Action on October 11, 2024.

On December 4, 2024, the parties participated in an all-day private mediation with Judge Jay C. Gandhi (Ret.) at JAMS. That mediation resulted in the settlement that is the subject of this Order.

On March 6, 2025, the Court granted the Parties leave to file a Third Amended Consolidated Complaint ("TAC") adding a claim for Breach of Implied Warranty of Merchantability. The Parties filed the TAC on March 6, 2025 which is now the operative complaint.

**B.  Summary of Settlement Terms**

The terms of the Settlement are summarized in the proposed Website Notice to Class Members, which is attached as Exhibit D to the Agreement. Under the proposed Settlement, Defendant has agreed to create a Settlement Fund of $8,900,000.00 from which consumers who submit Approved Claims can receive a Class Payment as follows: seventy-five cents ($0.75) per Single Can Unit of the Product purchased; three dollars ($3.00) per 4-pack Unit of the Product

Deleted: B

purchased; six dollars ($6.00) per 8-pack Unit of the Product purchased; and nine dollars ($9.00) per 12-pack and 15-pack Unit of the Product purchased. Class Members' Class Payments are subject to the following restrictions as outlined in the Agreement:

- The Minimum Class Payment to any Class Member who submits an Approved Claim shall be five dollars ($5.00) per Household.
- Class Members who do not provide Proof of Purchase may obtain a maximum Class Payment of sixteen dollars ($16.00) per Household.
- The Class Payment may be reduced on a pro-rata basis if, after accounting for all other expenses deducted from the Settlement Fund (*e.g.*, Administrative and Notice Costs, Attorneys' Fees and Costs, and Service Awards), there are insufficient funds in the Settlement Fund to pay all Class Payments on Approved Claims.
- The Class Payment may be increased on a pro-rata basis, if, after accounting for all other expenses deducted from the Settlement Fund (*e.g.*, Administrative and Notice Costs, Attorneys' Fees and Costs, and Service Awards), there are excess funds in the Settlement Fund to pay all Class Payments on Approved Claims. Any pro rata upward adjustment for claims without Proof of Purchase shall be capped at five times the claimed amount. This means that under no circumstances shall a person who submits an Approved Claim without a Proof of Purchase receive more than eighty dollars ($80.00).

The amount offered per Approved Claim represents approximately 30% of the purchase price of the Product which Plaintiffs anticipate exceeds, on a per-Unit basis, the payments that Plaintiffs would be awarded if successful at trial. And the Settlement Fund is reasonable in light of the risks of proceeding to trial. Moreover, even if Plaintiffs won at trial, Class Members would still need to file claims to receive compensation as Defendant does not have records of individual purchases, and the recovery would likely be lower on a per-Unit basis.

Any remaining funds from the Gross Settlement Amount after the Administrative and Notice Costs, Attorneys' Fees and Costs, Service Awards, and Class Payments for Approved Claims are distributed, including, but not limited to, those resulting from uncashed checks, will be distributed

1  to the *cy pres* beneficiary, Feeding America. Feeding America is the nation's largest domestic
2  hunger-relief organization. Feeding America's network of food banks, pantries, and meal programs
3  serves communities across the United States.
4      As part of the Settlement, Plaintiffs' Attorneys may apply to this Court to award them up to
5  30% of the Settlement Fund to pay their attorneys' fees, exclusive of their actual expenses (currently
6  estimated at $30,000), as well as up to $15,000 in total from the Settlement Fund in Service Award
7  payments to the Class Representatives. Such amounts must be approved by the Court, and the Court
8  will defer any ruling on the appropriateness of such awards until the Final Approval Hearing.

**Deleted:** 20

    **C.**    **Notice and Administration**

Notice is to be provided as described in the Agreement consistent with the Notice Plan designed by Verita Global, LLC (the "Settlement Administrator"), a well-known and experienced class action administrator. The Settlement Administrator will also receive and process Claim Forms and distribute Class Payments. In brief, Website Notice will be provided on a settlement Website, located at www.poppisettlement.com. In addition, a Publication Notice will be published in *USA Today* (California Regional edition). Further, the Website Notice shall be made available on websites accessible to desktop and mobile users, including social media sites such as Facebook and Instagram, through an appropriate programmatic network, social media, and a paid search campaign so that overall notice of the Settlement (including the Website Notice and Publication Notice) is reasonably calculated to apprise Class Members of the Settlement. These websites have been chosen based on reliable demographic information about those social media platforms and about likely Class Members. Further, Poppi will provide the names and valid email addresses for potential Class Members it may have in its records, and the Settlement Administrator shall email to each such potential Class Member a copy of the Email Notice, which is attached to the Agreement as Exhibit B. There will be a toll-free number for people to obtain more information about the Settlement and to request a printed version of the Claim Form and Website Notice. No later than fourteen (14) days prior to the hearing on Final Approval, the Settlement Administrator shall submit a declaration to the Court attesting to the number of impressions delivered and the number of click-throughs to the Website.

All of the notices will link or point to the Website, which will include: the Website Notice (explaining the procedures for Class Members to submit a Claim or exclude themselves), a contact information page that includes address and telephone numbers for the Settlement Administrator and Class Counsel, the Agreement, this signed Preliminary Approval Order, online and printable versions of the Claim Form, and answers to frequently asked questions. In addition, the motion papers filed in connection with the Settlement and Plaintiffs' request for Attorneys' Fees and Costs and Service Awards will be placed on the Website after they are filed.

**FINDINGS AND CONCLUSIONS**

Having considered all matters submitted to it at the hearing on the motion and otherwise, including the complete record of this action, and good cause appearing therefore, the Court hereby finds that there is a sufficient basis for granting preliminary approval of the Agreement, authorizing dissemination of the Class Notice, and authorizing the steps needed to determine whether the Agreement should be finally approved and the Consolidated Action dismissed.

Accordingly, it is HEREBY ORDERED that:

1. The Court accepts the Third Consolidated Amended Complaint as the operative pleading.

2. The Court preliminarily approves the Agreement as likely to be approved under Rule 23(e)(2) and as meriting notice to the Class for its consideration. Considering the factors set forth in Rule 23(e)(2), the Court preliminarily finds for settlement purposes only as follows:

   a. Class Representatives and Class Counsel have adequately represented the Class.

   b. The Settlement was negotiated at arm's length with the assistance of a well-respected and experienced private mediator.

   c. The relief provided to the Class in the form of monetary relief is adequate given the risks and uncertainty of trial and the monetary recovery offered by the Settlement is higher on a per Unit basis than Plaintiffs anticipate that evidence would have allowed for at trial.

   d. The proposal treats all class members equally relative to each other.

3.     The Settlement also complies with the Northern District of California's Procedural Guidance for Class Action Settlements, https://www.cand.uscourts.gov/ClassActionSettlementGuidance.

4.     For purposes of the settlement only, the Court provisionally stays all case deadlines pending a final ruling on the Settlement.

5.     The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are conditionally satisfied, including requirements that the Class Members are too numerous to be joined in a single action; that common issues of law and fact exist and predominate; that the claims of the Class Representatives are typical of the claims of the Class Members; that the Class Representatives and Class Counsel can adequately protect the interests of the Class Members; and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Consolidated Action.

6.     For purposes of the settlement only, the Court provisionally certifies the Class, which consists of all persons in the United States who, between January 23, 2020 and [the date of the Settlement Notice Date], purchased in the United States, for household use and not for resale or distribution, any Poppi beverage. "Excluded Persons" from the Class are: (1) the Honorable Judge Haywood S. Gilliam, Jr., the Honorable Maxine M. Chesney, Magistrate Judge Sallie Kim, the Judge Jay C. Gandhi (Ret.), and any member of their immediate families; (2) any government entity; (3) Defendant; and (4) any persons who timely opt-out of the Settlement.

7.     The Court conditionally designates the law firms of Bursor & Fisher, P.A. and Gutride Safier LLP as Class Counsel and Kristin Cobbs, Sarah Coleman, and Megan Wheeler as Class Representatives for purposes of this Settlement. The Court preliminarily finds that the Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Class Members.

8.     A Final Approval Hearing shall be held before this Court at [ ] pm. on [ ] to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate, and whether the Final Approval Order should be entered, and (b) whether Class Counsel's application for Attorneys' Fees and Costs and a payment of Service Awards to the Class

(Deleted: Carol Lesh,)

Representative should be approved. The Final Approval Hearing may be postponed, adjourned, or continued by further order of this Court.

9. The Court finds that the terms of the Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Class Notice to members of the Class. This determination is not a final finding that the Settlement is fair, reasonable and adequate, but it is a determination that probable cause exists to disseminate Class Notice to the Class Members and hold a hearing on final approval of the proposed Settlement.

10. The Court finds that the Parties' plan for providing notice to the Class (the Notice Plan) is reasonably calculated to provide notice to the Class of the pendency of the terms of the Agreement, the Final Approval hearing, and applicable deadlines, and complies fully with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Rules of Civil Procedure, and any other applicable law. The Parties and the Settlement Administrator shall comply with the Notice Plan and other deadlines as set forth in the Agreement and this Order. The Court designates and approves Verita Global, LLC to serve as Settlement Administrator. The Administrative and Notice Costs shall be paid from the Settlement Fund, under the direction of the Parties' Counsel.

11. The Court approves, as to form and content, the Claim Form and the notices, substantially similar to the forms attached as Exhibits A, B, C, and D to the Agreement. The Claim Form and all of the notices are written in plain English, are easy to comprehend, and fully comply with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Rules of Civil Procedure, and any other applicable law. The Parties shall have discretion to jointly make non-material minor revisions to the Claim Form or Notices. Responsibility regarding settlement administration, including, but not limited to, notice and related procedures, shall be performed by the Settlement Administrator, subject to the oversight of the Parties and this Court as described in the Agreement and this Order.

12. Any member of the Class who desires to be excluded from the Settlement, and therefore not be bound by the terms of the Agreement, must submit a timely request for exclusion to the Settlement Administrator, by mailing an Opt-Out request to the Settlement Administrator. The

request must be postmarked no later than [sixty (60) days after the Settlement Notice Date]. No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization, and no one may exclude other persons within the Class as a group, class, or in the aggregate.

13. No later than [14 days after Opt-out deadline], the Settlement Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice described herein, have excluded themselves from the Class in a valid and timely manner, and Class Counsel shall file that list with the Court. The Court retains jurisdiction to resolve any disputed exclusion requests.

14. Any member of the Class who elects to be excluded shall not receive a Class Payment, shall not be bound by the terms of the Agreement, and shall have no standing to object to the Settlement or intervene in the Consolidated Action. Class Members who do not wish to be bound by a judgment in favor of or against the Class must exclude themselves from the Settlement. Any Class Member who does not submit a valid and timely request for exclusion may submit an objection to the Agreement ("Objection"). The Objection must satisfy the requirements set forth below and must be filed as a written objection with the Clerk of the Court, postmarked by mail, express mail, or personal delivery, to the Clerk on or before the Objection and Exclusion Deadline or it will be rejected.

15. Any Objection must include: (1) Clearly identify the case name and number, *In re VNGR Beverage, LLC Litigation*, No. 4:24-cv-03229-HSG; (2) Include the full name, address, telephone number, and email address of the Objector; (3) Include the full name, address, telephone number, and email address of the all lawyers (if any) who (a) are representing the Objector in making the objection, (b) may be entitled to compensation in connection with the objection, and/or (c) will appear on the Objector's behalf at the Final Approval Hearing; (4) documents or testimony sufficient to establish that the Objector is a member of the Class; (5) a detailed statement of the Objector's objection(s), including the grounds and legal support for those objection(s); (6) a statement as to whether the Objector is requesting the opportunity to appear and be heard at the Final Approval Hearing; and (7) the Objector's signature, in addition to the signature of their attorney, if any. Failure

1 to include this information and documentation may be grounds for overruling and rejecting the
2 Objection.
3   16. Any Class Member that filed a valid Objection has the right to appear and be heard
4 at the Final Approval Hearing, either personally or through an attorney retained at the Class
5 Member's own expense.
6   17. Plaintiffs shall file any reply in support of Final Approval and for any award of
7 Attorneys' Fees and Costs and Class Representative Service Awards (including responses to
8 objections) no later than [14 days prior to Objection deadline]. All such filings and supporting
9 documentation shall be posted to the Website within one day of filing.
10   18. Any Class Member wishing to make a Claim must submit a Claim Form to the
11 Settlement Administrator, pursuant to the instructions set forth in the Website Notice. The Claim
12 Form must be submitted online by no later than sixty (60) calendar days after the Settlement Notice
13 Date, or, if mailed, it must be postmarked and sent to the Settlement Administrator by no later than
14 [sixty (60) calendar days after the Settlement Notice Date].
15   19. No later than [14 days after Opt-out deadline], the Settlement Administrator shall
16 provide a declaration to the Court regarding the provision of notice and as required by the Agreement
17 and as to the number and dollar amount of claims received.
18   20. In the event that the proposed Settlement is not finally approved by the Court, or
19 in the event that the Agreement becomes null and void or terminates pursuant to its terms, this
20 Preliminary Approval Order and all orders entered in connection herewith shall become null and
21 void, shall be of no further force and effect, and shall not be used or referred to for any purposes
22 whatsoever in this Consolidated Action or in any other case or controversy, in such event the
23 Agreement and all negotiations and proceedings directly related thereto shall be deemed to be
24 without prejudice to the rights of any and all of the Parties, who shall be restored to their respective
25 positions as of the date and time immediately preceding the execution of the Agreement.
26   21. This Order shall not be construed as an admission or concession by Defendant of
27 the truth of any allegations made by the Plaintiff or of liability or fault of any kind.
28   22. The Court may, for good cause, extend any of the deadlines set forth in this Order

Deleted: a

without further notice to Class Members, though such extensions shall be posted to the Website. The Final Approval Hearing may, from time to time and without further notice to Class Members beyond updates to the Court's docket and the Website, be continued by Order of the Court.

23. If the Court grants Final Approval to the Agreement, then Class Members who have not timely requested to be excluded, including persons who objected to the Agreement, shall be deemed to have released any and all claims as set forth in the Agreement.

24. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

25. All further proceedings and deadlines in this action are hereby stayed except for those required to effectuate the Agreement and this Order.

26. Pending final determination of whether the Settlement should be approved, Plaintiffs and each Class Member, and any person purportedly acting on behalf of any Class Member(s), are hereby enjoined from commencing, pursuing, maintaining, enforcing, or proceeding, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties, provided that this injunction shall not apply to the claims of Class members who have timely and validly requested to be excluded from the Class. This injunction will remain in force until the Effective Date or until such time as the Parties notify the Court that the Settlement has been terminated. This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court, authority regarding the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

**IT IS SO ORDERED** this _____ day of _____, 2025.

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL  10
CASE NO. 4:24-CV-03229-HSG