**GUTRIDE SAFIER LLP.**
Seth A. Safier (State Bar No. 197427)
Marie A. McCrary (State Bar No. 262670)
Anthony J. Patek (State Bar No. 228964)
100 Pine Street, Suite 1250
San Francisco, CA 94111
E-mail: seth@gutridesafier.com
        marie@gutridesafier.com
        anthony@gutridesafier.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
        jglatt@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re VNGR BEVERAGE, LLC LITIGATION**<br><br>This Document Relates To:<br>Case No. 4:24-cv-03612-HSG<br>Case No. 4:24-cv-06666-HSG | CASE NO. 4:24-cv-03229<br><br>**JOINT SUPPLEMENTAL RESPONSE RE ADDITIONAL EMAIL NOTICE TO CLAIMANTS** |

On April 3, 2026, this Court directed the parties to propose a supplemental email notice and to address whether individuals who previously received email notice and did not file a claim retain the right to object to attorneys' fees, costs, and service awards and therefore should be provided with supplemental email notice. (ECF No. 77.) The parties submit this response and the proposed Supplemental Email Notice ("SEM") (attached hereto as Exhibit A) in response to that Order.

The proposed SEM is drafted to be sent to the approximately 12,000 class members who previously received email notice and submitted a claim. The SEM is structured to avoid confusion for such persons by providing all the relevant information in a single communication. The SEM provides claimants with an additional thirty (30) days from transmission of the email to submit any objection. Finally, the SEM explains that the Court will determine whether any additional hearing is necessary, which can then be posted on the Settlement Website and PACER.

The parties respectfully submit that the SEM should be sent only to those Class Members who both (1) received the initial email notice and (2) submitted a Claim.

As discussed at the recent case management conference, approximately 400,000 email notices were initially sent, of which approximately 300,000 were successfully delivered. Of those recipients, approximately 11,960 submitted claims. The SEM is appropriately directed only to the class members that submitted a claim.

Limiting the SEM to Claimants is appropriate because non-claimants now lack a cognizable financial interest in the requested attorneys' fees, costs, or service awards. In the Ninth Circuit, a class member must be "aggrieved" to have standing to challenge a fee award—that is, the class member must stand to benefit from a reduction in fees. *Glasser v. Volkswagen of Am., Inc.*, 645 F.3d 1084, 1088 (9th Cir. 2011). As the Court explained:

> In the class action context, simply being a member of the class does not automatically confer standing to challenge a fee award to class counsel—the objecting class member must be "aggrieved" by the fee award. If modifying the fee award would not "actually benefit the objecting class member," the class member lacks standing because his challenge to the fee award cannot result in redressing any injury.

-1-

Supplemental Response re Email Notice – Case No. 4:24-cv-03612-HSG

645 F.3d at 1088 (internal citations removed.)

Where a class member does not participate in the settlement, courts have recognized that a reduction in attorneys' fees generally does not redress any injury to that individual. *Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002) (holding "the court must closely scrutinize the terms of the settlement agreement to determine whether modifying the fee award would actually benefit the objecting class member."). The Ninth Circuit later reaffirmed this principle in *Stetson v. Grissom*, explaining that non-participating class members who object solely to fees typically lack standing because any fee reduction would not benefit them. 821 F.3d 1157, 1163–64 (9th Cir. 2016).

That is the situation here. Class members who did not submit a claim elected not to participate in the common fund and therefore would not benefit from any reduction in attorneys' fees, costs, or service awards. Accordingly, providing supplemental notice to non-claimants would not serve the purpose of Rule 23(h), which is to allow those with a financial stake in the fee award to be heard.

Limiting the SEM to Claimants also satisfies due process. Due process requires notice reasonably calculated to apprise interested parties of their rights. Here, Class Members were previously provided notice of their right to object to the Settlement, including the requested attorneys' fees, costs, and service awards. The SEM does not create a new substantive right but instead provides additional clarification directed to those with a concrete financial stake in the outcome. Under these circumstances, additional notice to non-claimants is not required.

In addition, all Class Members—including non-claimants—previously received email notice of the Settlement that disclosed their right to object. No objections were submitted.

Moreover, the Publication Notice and Long Form Notice on the Settlement Website also described the attorneys' fees, costs, and service awards and provided instructions for submitting objections as ordered by this Court. Both clearly laid out the option to either object to the Settlement (as a whole) or to separately object to attorneys' fees, costs or incentive awards. Thus, non-claimants were already afforded an opportunity to submit a claim and/or object, but none did so.

-2-

Finally, sending the SEM to non-claimants at this stage would likely sow confusion, as those individuals no longer have the ability to submit a claim to participate in the recovery. *See Weisenberger v. Ameritas Mut. Holding Co.,* 2024 WL 1742979, at *2 (D. Neb. Apr. 23, 2024) ("To ensure that settlement class members understand the lawsuit, and to prevent unnecessary confusion, the language on the notices should be … more specific."). *See also In re Nissan Motor Corp. Antitrust Litig.,* 552 F.2d 1088, 1105 (5th Cir. 1977) ("The standard then is that the notice required by subdivision (c)(2) must contain information that a reasonable person would consider to be material in making an informed, intelligent decision[.]"). Providing notice of an objection right without any corresponding financial stake risks misleading recipients about their role in the Settlement, as well as the finality of the claims process.

For these reasons, the parties respectfully request that the Court approve the proposed SEM and order its dissemination to the approximately 11,960 claimants who previously received email notice and submitted a Claim.

Dated: April 9, 2026

**GUTRIDE SAFIER LLP**

*/s/ Marie A. McCrary            /*
SETH A. SAFIER (State Bar No. 197427)
MARIE A. MCCRARY (State Bar No. 262670)
ANTHONY J. PATEK (State Bar No. 228964)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Counsel for Plaintiffs*

Supplemental Response re Email Notice – Case No. 4:24-cv-03612-HSG