UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KRISTIN COBBS,

          Plaintiff,

    v.

VNGR BEVERAGE LLC,

          Defendant.

Case No. 24-cv-03229-HSG

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS**

Re: Dkt. No. 64

Before the Court is Plaintiffs' unopposed motion for attorneys' fees, costs, and incentive awards, Dkt. No. 64 ("Mot."). The Court held a final fairness hearing on November 20, 2025. Dkt. No. 73. The Court **GRANTS IN PART** and **DENIES IN PART** the motion for attorneys' fees, costs, and incentive awards.

## I.    BACKGROUND

This is a putative class action brought on behalf of purchasers of Poppi Prebiotic Soda. *See* Dkt. No. 54 ¶ 1. Plaintiffs allege that Defendant VNGR Beverage, LLC markets Poppi as "gut healthy" due to its inclusion of prebiotic dietary fiber, but that this representation is misleading, as Poppi actually harms gut health. *Id.* ¶¶ 3, 5. The parties ultimately entered into a settlement agreement. Dkt. No. 55-1, Ex. 1. The Court granted final approval for the proposed class action settlement on April 14, 2026. Dkt. No. 80.[1]

At the time, the Court deferred ruling on the motion for attorneys' fees, costs, and incentive awards. In its preliminary approval order, the Court had required Plaintiffs to include language in all notices "specifically stating that Class Members may object to the attorneys' fees

---

[1] A more complete background section can be found in the Court's final approval order. *See* Dkt. No. 80 at 1–3.

motion and request for Plaintiffs' incentive awards."  Dkt. No. 61 at 15; *see also* Fed. R. Civ. Proc. 23(h)(1).  While Plaintiffs included this language in their publication notices and long-form notice, they accidentally omitted it from the email notice.  *See* Dkt. No. 69-1 at 13–14.  Out of an abundance of caution, the Court ordered Plaintiffs to send a supplementary email notice informing class members who previously received the email notice and submitted a claim of this specific right.  Dkt. No. 79.  On April 24, 2026, Plaintiffs sent out the additional notice, which provided class members with 30 additional days to file an objection to Plaintiffs' request.  Dkt. No. 82. Approximately 12,000 supplemental notices were sent out, and two class members objected.  Dkt. No. 83 at 2.

## II.    LEGAL STANDARD

Class Counsel may receive an award of reasonable attorneys' fees and reimbursement of litigation expenses from the common fund they created for the benefit of a class.  *See* Fed. R. Civ. Proc. 23(h); *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003).  The purpose of the "common fund" doctrine is to avoid unjust enrichment by requiring "those who benefit from the creation of the fund [to] share the wealth with the lawyers whose skill and effort helped create it." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994).  The district court has discretion over the amount of attorneys' fees to award.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047–48 (9th Cir. 2002).

The "touchstone" for the Court's reasonableness analysis is "the benefit to the class—class counsel can only reap rewards if they have delivered results for class members."  *In re Cal. Pizza Kitchen Data Breach Litig.*, 129 F.4th 667, 679 (9th Cir. 2025) (quotation omitted).  The Court must independently calculate the benefit to the class, and may not approve fees "that appear excessive of settlement value."  *Id.*

Under California law, the "percentage of fund method" is proper to determine reasonable attorneys' fees in class actions.  *Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 506 (2016).  In addition, "trial courts have discretion to conduct a lodestar cross-check on a percentage fee."  *Id.* "The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable

United States District Court
Northern District of California

2

hourly rate for the region and for the experience of the lawyer." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).  Class Counsel are also entitled to recover "nontaxable costs that are authorized by law or by the parties' agreement."  Fed. R. Civ. Proc. 23(h).

## III.    DISCUSSION

Class Counsel ask the Court to approve an award of $2,670,000 in attorneys' fees, which is 30% of the settlement fund, and $23,593.48 in litigation expenses.  *See* Mot. at 9.  Class Counsel additionally request incentive awards of $5,000 each for Plaintiffs Cobbs, Coleman, and Wheeler. *Id.* at 10.

### A.  Attorneys' Fees

#### i.    Percentage of the Fund

Using federal law for guidance, 25% of the common fund is the benchmark for attorneys' fee awards.  *See*, *e.g.*, *In re Bluetooth*, 654 F.3d at 942 ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure.").  The Court considers the reasonableness of the percentage requested in light of the factors enumerated by the Ninth Circuit, with the 25% award as a starting point.  The Ninth Circuit has identified several factors that a court should consider to determine whether to adjust a fee award from the benchmark: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiff; and (5) awards made in similar cases.  *See Vizcaino*, 290 F.3d at 1048–50.  The Court is cognizant of its obligations to review class fee awards with rigor:

> Because in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs. Accordingly, fee applications must be closely scrutinized.  Rubber-stamp approval, even in the absence of objections, is improper.

*Id.* at 1052 (internal citation and quotation omitted).

The first and "most critical factor [in determining an award of fees] is the degree of success

3

obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).  Here, Class Counsel have obtained a significant result for the class, including an $8,900,000 settlement fund.  Dkt. No. 80 at 3. Plaintiffs' counsel represents that the price premium associated with Plaintiffs' gut health claims is likely between five and ten percent.  Dkt. No. 69 at 15 (citing Dkt. No. 55-1 ¶ 19).  Assuming this is correct, if Plaintiffs recovered the entire amount of monetary damages available under the price premium model at trial, the maximum potential recovery available to each class member would be approximately $0.13–$0.25 per can.  *Id.*  Under the settlement, each Class Member with an approved claim is entitled to a payment of up to $0.75 per can purchased, $3.00 per 4-pack purchased, $6.00 per 8-pack purchased, and $9.00 per 12-pack or 15-pack purchased.  *Id.*  These amounts constitute a significant percentage of the retail cost of these cans and the anticipated maximum recovery at trial.  Class members have submitted more than 2.5 million claims for a distribution of up to $16 per approved claim.  Dkt. No. 69-1 ¶ 15.  Class members have also submitted more than 38,000 claims with proof of receipt or purchase, and such members may receive more than $16.  *Id.*[2]

Several other factors favor granting at least a benchmark award.  Plaintiffs argue that they would have faced considerable difficulty obtaining a similar recovery through litigation given the complexity and risks of this litigation.  *See* Mot. at 14–15.  The Court agrees that Class Counsel litigated this case skillfully and professionally.  *See id.* at 15–16.  And the risk that counsel took in litigating this case on a contingency fee basis and advancing costs weighs in favor of at least a benchmark fee award.  *See Vizcaino*, 290 F.3d at 1050.

In addition, no class member objected to the fairness of the settlement, and only two class members out of thousands that received the supplementary notice objected to the attorneys' fees.

---

[2] While class members could theoretically receive roughly $0.75 per can under the terms of the settlement—more than three times the estimated maximum potential recovery at trial—this amount will be reduced pro rata depending on how many of the nearly 2.5 million claims are determined to be valid.  *See* Dkt. No. 55-1, Ex. 1 § 6.4 ("If the total value of all Approved Claims . . . exceeds . . . the funds available for distribution to Class Members, then the amounts of the Class Payments will be reduced or increased pro rata, as necessary . . . .").  Given that only around $6,675,000 will be available in the common fund less the payment of the attorneys' fees, class members may receive less or substantially less than the maximum potential recovery at trial depending on the average number of cans purchased per class member.

United States District Court
Northern District of California

*See* Dkt. No. 69-1 ¶ 18; Dkt. No. 83.  Both objections were in the form of a single-sentence email stating that the class members objected.  *See* Dkt. No. 84-1, Ex. B ("Object, I'm not paying attorney fees."); Dkt. No. 84-1, Ex. C ("I object to the attorney fees for the poppi settlement.").  Neither objection raised any substantive concerns about the fairness or reasonableness of the requested attorneys' fees.  As a result, the Court overrules these objections.  *Cf. Mata v. Manpower Inc. / Cal. Peninsula*, No. 14-CV-03787-LHK, 2017 WL 7035754, at *2 (N.D. Cal. July 24, 2017) (rejecting conclusory objection to attorneys' fees).

However, Class Counsel have not adequately demonstrated that an above-benchmark award is warranted here.  They cite several cases where courts have approved above-benchmark awards of 30% or more, but those cases involved more extensive litigation.  *See, e.g.*, *In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2023 WL 3688452, at *13–*14 (N.D. Cal. May 25, 2023) (discussing "Class Counsel's successful defense in three rounds of motions to dismiss, certification of the seven-state class and subclasses, and prolonged settlement negotiations"); *Sypherd v. Lazy Dog Restaurants, LLC*, No. 5:20-CV-00921-FLA (KKX), 2023 WL 1931319, at *5 (C.D. Cal. Feb. 10, 2023) ("Counsel litigated this case for 18 months while propounding 171 document requests, bringing 6 ex parte applications and 7 motions, opposing 6 motions, retaining an expert and reviewing reports, and negotiating settlement.").  In addition, most of Plaintiffs' analysis regarding the risks and complexity of this litigation is generic and conclusory.  The fact that Class Counsel achieved a greater settlement fund than in some other product labeling cases, *see* Mot. at 13–14, does not alone justify a special departure from the Ninth Circuit's benchmark in this case.  As a result, the Court finds that an award of 25% of the settlement fund—or $2,225,000—is reasonable and **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' request.

### ii.    Lodestar Cross-Check

The reasonableness of an award of 25% of the settlement fund is confirmed by a lodestar cross-check.  As a final check on the reasonableness of fees, the Court may compare the requested fees with counsel's bills under the lodestar analysis.  *See*, *e.g.*, *Vizcaino*, 290 F.3d at 1050 ("Calculation of the lodestar, which measures the lawyers' investment of time in the litigation,

5

United States District Court
Northern District of California

provides a check on the reasonableness of the percentage award."). The Court must "exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quotation omitted).

At the time of their motion for attorneys' fees, Class Counsel represented that they expended approximately 881 hours on this case, resulting in a lodestar of $827,683 in fees. *See* Dkt. No. 64-1 ¶ 26. Their hourly rates ranged from $450 to $1,600 for attorneys, and $295 to $420 for paralegals. *See* Dkt. No. 64-1, Ex. 2 at 49; Dkt. No. 64-2 ¶ 24; Dkt. No. 64-3 ¶ 6. This is in line with prevailing rates in this district in similar cases for personnel of comparable experience, skill, and reputation. *See*, *e.g.*, *Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018) (finding rates ranging from $650 to $1,250 for partners or senior counsel, $400 to $650 for associates, and $245 to $350 for paralegals to be reasonable); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (finding rates ranging from $275 to $1,600 for partners, $150 to $790 for associates, and $80 to $490 for paralegals to be reasonable). The Court also finds the total number of hours billed to be reasonable. *See* Dkt. No. 64-1, Ex. 2 (billing records); Dkt. No. 64-2 ¶ 22 (billing summary); Dkt. No. 64-3 ¶ 6 (billing summary); Dkt. No. 64-4, Ex. 2 (billing records).

A 25% award represents a multiplier of 2.7. Courts regularly approve multipliers ranging from 1.0 to 4.0. *See Vizcaino*, 290 F.3d at 1051 n.6 (finding a range of 0.6 to 19.6 in a survey of cases, with 83% in the 1.0 to 4.0 range and 54% in the 1.5 to 3.0 range). As a result, the lodestar cross-check supports the reasonableness of a 25% award.

**B. Litigation Costs**

Class Counsel represent that they have incurred $23,593.48 in costs. *See* Dkt No. 64-1 ¶ 25 ($18,011.87); Dkt. No. 64-2, Ex. 2 ($3,732.66); Dkt. No. 64-3 ¶ 7 ($1,531.04); Dkt. No. 64-4 ¶ 7 ($317.91). The settlement agreement authorizes reimbursement for such costs. Dkt. No. 55-1, Ex. 1 § 8.1. The Court finds that the requested expenses are reasonable and **GRANTS** Plaintiffs' request.

United States District Court
Northern District of California

**C.  Service Awards**

Lastly, Plaintiffs request incentive awards of $5,000 for Plaintiffs Cobbs, Coleman, and Wheeler.  Mot. at 10.  While awards are discretionary, "[i]t is well-established in this circuit that named plaintiffs in a class action are eligible for reasonable incentive payments, also known as service awards."  *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2012 WL 381202, at *6 (N.D. Cal. Feb. 6, 2012) (quotation omitted).  Service awards are designed to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general."  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009).  To evaluate the reasonableness of a proposed service award, courts look to factors such as the representative's service to the class, investment of time, and reputational harm.  *See Staton*, 327 F.3d at 977.  Another important consideration is the proportionality between the incentive award and the range of class members' settlement awards.  *See, e.g.*, *Burden v. SelectQuote Ins. Servs.*, No. C 10-5966 LB, 2013 WL 3988771, at *6 (N.D. Cal. Aug. 2, 2013) (declining to award a $10,000 incentive award where the requested award was nearly three times the largest amount paid to any class member).

Here, the Court finds that Plaintiffs' requests are unreasonable.  Plaintiffs argue that the named Plaintiffs (1) took on substantial risks relating to "publicity and notoriety" from media attention; (2) provided Class Counsel with "information regarding their experiences and claims"; (3) remained actively involved in the lawsuits; and (4) "agreed to a broader general release" than other class members.  *See* Mot. at 24; *see also* Dkt. No. 64-5 ¶ 3 (Cobbs declaration); Dkt. No. 64-6 ¶ 3 (Coleman declaration); Dkt. No. 64-7 ¶ 3 (Wheeler declaration).  However, Plaintiffs do not specify how many hours they spent working on this case or what active participation was required in these early stages of litigation that would warrant a $5,000 award.  Plaintiffs also have not explained what additional claims have been waived, and it is hard for the Court to imagine what legitimate broader claims might exist given the nature of the case.  And, most importantly, the maximum recovery for most class members in this lawsuit is $16.  The proposed $5,000 award is over 312 times that amount.  Considering the circumstances of this case, the Court finds that a

$100 service award is reasonable to compensate Plaintiffs for their efforts.

Accordingly, the Court **GRANTS** service awards of $100 each for Plaintiffs Cobbs, Coleman, and Wheeler, for a total of $300.

## IV.    CONCLUSION

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for attorneys' fees, costs, and incentive awards, Dkt. No. 64.  The Court awards attorneys' fees in the amount of $2,225,000 and litigation expenses in the amount of $23,593.48.  The Court further awards $100 each as incentive awards to Plaintiffs Kristin Cobbs, Sarah Coleman, and Megan Wheeler.

The parties and settlement administrator are directed to implement this order, the Court's final approval order, Dkt. No. 80, and the settlement agreement in accordance with the terms of the settlement agreement.  The parties are further directed to file a short stipulated final judgment of two pages or less within 7 days from the date of this order.  The judgment need not, and should not, repeat the analysis in this order or the final approval order.  For guidance on the format of such a stipulated judgment, the Court directs the parties to review *Vataj v. Johnson et al*, No. 4:19-cv-06996, Dkt. No. 139.

Class Counsel shall file a Post-Distribution Accounting within 21 days after the settlement checks become stale (or, if no checks are issued, all funds have been paid to class members, *cy pres* beneficiaries, and others pursuant to the Settlement Agreement).  In addition to the information contained in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://cand.uscourts.gov/rules-forms-fees/northern-district-guidelines/procedural-guidance-class-action-settlements, the Post-Distribution Accounting shall discuss any significant or recurring concerns communicated by class members to the settlement administrator or counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.  Counsel is directed to summarize this information in an easy-to-read chart that allows for quick comparisons with other cases.  The parties shall post the Post-Distribution Accounting, including the easy-to-read chart, on the settlement website.  The Court may hold a hearing following submission of the parties' Post-

United States District Court
Northern District of California

Distribution Accounting.

The Court will withhold 10% of the attorneys' fees granted in this order until the Post-Distribution Accounting has been filed. Class Counsel shall file a proposed order releasing the remainder of the fees when they file their Post-Distribution Accounting.

**IT IS SO ORDERED.**

Dated:    6/4/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

9